73904. CITY OF TUNNELL HILL v. RIDLEY et al.
(359 SE2d 184)

BENHAM, Judge.

Appellant enacted an ordinance adopting for 1983 an occupation tax on businesses within its corporate limits. Appellees paid the tax under protest, then filed claims for refunds. When the claims were denied, appellees brought this suit, contending that appellant lacked authority to impose the tax. This appeal is from the grant of summary judgment to the plaintiff-taxpayers.

Although appellant has enumerated three alleged errors, the con-

trolling issue in this case is simple and singular: Did appellant possess the authority to adopt an occupation tax? We agree with the trial court that appellant lacked such authority.

Appellant's position is that the adoption of the occupation tax was authorized by the Municipal Home Rule Act of 1965 (OCGA Ch. 36-35), and specifically by OCGA § 36-35-3 (a): "The governing authority of each municipal corporation shall have legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government for which no provision has been made by general law and which are not inconsistent with the Constitution or any charter provision applicable thereto." While that is, indeed, a broad delegation of legislative power, OCGA § 36-35-6 contains a limitation on Home Rule powers which controls the resolution of this case: "(a) The power granted to municipal corporations in subsections (a) and (b) of Code section 36-35-3 shall not be construed to extend to the following matters . . . (3) Action adopting any form of taxation beyond that authorized by law or by the Constitution."

The record in this case shows that appellant is authorized to impose and collect a tax on real and personal property and on liquor licenses. The record discloses no authority, however, for the adoption of an occupation tax. Appellant's apparent error is to equate a lack of specific prohibition with authorization, i.e., to assume that because a particular form of taxation is not prohibited, it is permitted. In light of the language of OCGA § 36-35-6 (a) (3), we find that equation to be invalid.

By the clear and unambiguous terms of that statute, if a particular *form* of taxation is not authorized by law or by the Constitution, municipal corporations may not adopt it. The record here shows no such authorization; therefore, the adoption of an occupation tax by appellant was not authorized. The trial court was correct in granting summary judgment to appellees.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 17, 1987 —
REHEARING DENIED JULY 1, 1987 —

J. Raymond Bates, Jr., for appellant.
Robert M. Withrock, John T. Avrett, for appellees.